UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD A. SMITH,

    *Plaintiff*,

    *v.*                        CASE NO. 16-CV-13796

PATRICK J. McGRAW,          DISTRICT JUDGE THOMAS L. LUDINGTON
BARBARA A. KLIMASZEWSKI[1],  MAGISTRATE JUDGE PATRICIA T. MORRIS
and SHERRHOWDA LYNN
BROWN,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT KLIMASZEWSKI'S MOTION TO DISMISS (Doc. 7 ),
DEFENDANT McGRAW'S MOTION FOR MORE DEFINITE STATEMENT OR
TO STRIKE PLAINTIFF'S COMPLAINT (Doc. 10) AND SUA SPONTE
EXAMINING THIS COURT'S SUBJECT MATTER JURISDICTION**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be dismissed in its entirety because the court lacks subject matter jurisdiction.

In the alternative, I recommend that Defendant Klimaszewski's motion to dismiss be granted (Doc. 7,) and that the case be dismissed against Defendants McGraw and Brown because the allegations are devoid of merit. I further recommend that Defendant McGraw's

---

[1] The Court notes that Defendant Klimaszewski's name is spelled "Kilmaszewski" on the docket, in keeping with the spelling used in Plaintiff's complaint. The Court is familiar with Ms. Klimaszewski, and notes that the correct spelling of her name begins with "Kli" rather than "Kil." The proper spelling of Ms. Klimaszewski's name will be used in this report and recommendation for clarity.

motion for a more definite statement or to strike Plaintiff's Complaint (Doc. 10) be denied as moot.

## II. REPORT

### A. Introduction

On October 25, 2016, Plaintiff Richard Allen Smith, proceeding *pro se*, filed a complaint against the above Defendants, noting that all the parties are citizens of Michigan and checking the box indicating that the complaint alleges a federal question, *i.e.*, a civil rights suit. (Doc. 1 at ID 3, 9.) Plaintiff complains that Defendant Brown "made all type of false statement to CPS and police to the judge" and that "Judge McGraw as issue 2 ex party P.P.O. without any merit" and that he did not receive the first personal protection order (PPO) and received the second one with "just two weeks left on it[.]" (Doc. 1 at ID 6.)[2] From the attached documentation to the complaint, it appears that Defendant Brown is a mental health worker who filed the PPOs against Plaintiff through the assistance of her attorney, Defendant Klimaszewski. (Doc. 1 at ID 3, 13, 17.) Plaintiff alleges the following claims: (1) "8th Amendment rights (prohibiting against inhuman treatment in deliberate indifference to a serious medical needs)"; (2) "6th and 14th Amendments right (confronting my accuser and not giving equal protection of the laws"; and (3) "Also deprive me of my freedom of religion, free of speech and to due process of law." (Doc. 1 at ID 4.) Plaintiff seeks $30,000, "full custody of my son with her having visitation and her get mental health

---

[2] The quotes provided herein are exact quotes; due to the number of errors, the use of "sic" is avoided.

treatment and a written full apology from Judge McGraw and her attorney and Sherrhowda to state that she sorry for this mess." (Doc. 1 at ID 7.)

### B. Applicable Legal Standards

Defendant Klimaszewski moves for dismissal under Rule 12 of the Federal Rules of Civil Procedure. A motion to dismiss brought under Rule 12(b)(1) challenges the court's subject matter jurisdiction to hear the case. Where a defendant makes a facial attack on the subject matter jurisdiction alleged in a complaint, "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). This is in contrast to a factual attack on subject matter jurisdiction, wherein the "district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth

3

in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

4

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

In addition, federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction occurs pursuant to Rule 12(b)(1).

### C. Analysis

There are two ways this Court can obtain subject matter jurisdiction: first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

5

1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

Here, the parties are not diverse and the only potential ground for subject matter jurisdiction is federal question jurisdiction. I suggest that federal question jurisdiction cannot be met on this complaint. The *Rooker-Feldman* doctrine, established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), provides that only the United States Supreme Court possesses the power to review state court findings, or to adjudicate claims which are "inextricably intertwined" with issues decided in state court proceedings. In other words, lower federal courts lack jurisdiction to hear claims wherein the "plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). *Rooker-Feldman* "bars a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005).

Here, Plaintiff's complaint focuses only on the alleged actions of the court (McGraw), and the witness against him (Brown). Plaintiff seeks an apology for the actions done by the court, money damages, and visitation rights that only the state court could grant. Thus Plaintiff seeks review of the state court decision. This type of action is precisely the sort of claim that *Rooker-Feldman* prevents lower federal courts from entertaining. *Id.*

6

Accordingly, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 12(b)(1). *Id.* at 291-92.

Alternatively, even if this federal court had subject matter jurisdiction, the complaint fails to state a claim upon which relief can be granted and thus should be dismissed for this reason as well. Although Defendants McGraw and Brown have not moved for dismissal, "the district court may dismiss an action *sua sponte* if the complaint is so 'implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion' as to deprive the court of jurisdiction." *McNeil v. Medcentral Health Sys.*, No. 1:10-cv-2338, 2010 WL 4860359, at \*1 (N.D. Ohio Nov. 23, 2010), *citing Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). I suggest that this complaint is one of those actions that is devoid of merit and should be dismissed as to all Defendants, moving and non-moving.

As to Defendant McGraw, judicial immunity protects judges from suit for all actions which "aris[e] out of the performance of their judicial functions," with the exception of actions taken "in the clear absence of all jurisdiction." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). In other words, a judge is totally immune from suit for decisions made pursuant to their judicial functions where the judge acted with subject matter jurisdiction. *Holloway v. Brush*, 220 F.3d 767 (6th Cir. 2000) (en banc). This immunity applies even when judicial acts are performed "corruptly or with malice." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Moreover, "a state trial court's alleged abuse of discretion . . . is not a constitutional violation." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). Even if Plaintiff alleged that Defendant McGraw acted wrongly, corruptly, maliciously, or

7

otherwise improperly in rendering a decision contrary to law, his claim would still fail because Defendant McGraw is protected by absolute immunity.

As to Defendants Klimaszewski and Brown, claims against them fail for several reasons. A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

First, I suggest that Defendants Klimaszewski and Brown are not subject to suit under § 1983 because they are not state actors nor were they acting under color of state law. Even if Defendant Klimaszewski was court-appointed rather than retained counsel, she would still not be a state actor nor would she be acting under color of state law. *See Dallas v. Holmes*, 137 Fed. App'x 746, 752 (6th Cir. 2005) ("It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983."); *accord, Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law for purposes of § 1983). In addition, dismissal is required where, as here, there is no alleged conduct done by Defendant Klimaszewski (other than her representation of her client), let alone an alleged causal link between her conduct and

any alleged injury as required in § 1983 actions. *Redding, supra.* Therefore, the complaint should be dismissed as to Defendant Klimaszewski.

Defendant Brown, as the victim/witness in the PPO proceeding, is also not considered a state actor. Even if Defendant Brown were acting pursuant to her role as a mental health worker in some capacity for the state, she would not be subject to suit because she would be entitled to absolute witness immunity. "Witnesses who are an integral part of the judicial process 'are wholly immune from liability for the consequences of their testimony or related evaluations.'" *Maiden v. Rozwood*, 597 N.W.2d 817 (Mich. 1999); *Denhof v. Challa*, 311 Mich. App. 499, 519 (Mich. Ct. App. 2015). "Falsity or malice [on the part of the witness] does not abrogate the privilege." *Id.* Federal law also provides for absolute witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1982); *accord Maldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (noting that all witnesses, lay and state law enforcement or other state actors, are equally entitled to absolute testimonial immunity). Accordingly, the complaint should be dismissed against Defendant Brown as well.

### D. Conclusion

For the reasons above, I recommend that the case be dismissed in its entirety because the court lacks subject matter jurisdiction. In the alternative, I recommend that Defendant Klimaszewski's motion to dismiss be granted (Doc. 7,) and that the case be dismissed against Defendants McGraw and Brown because the allegations are devoid of merit. *McNeil, supra.* I further recommend that Defendant McGraw's motion for a more definite statement or to strike Plaintiff's Complaint (Doc. 10) be denied as moot.

**III.   REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 30, 2016                              S/ Patricia T. Morris
                                                     Patricia T. Morris
                                                     United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Richard A. Smith at 4105 Casey Drive, Saginaw, MI 48601.

Date: November 30, 2016                         By s/Kristen Krawczyk
                                                 Case Manager to Magistrate Judge Morris